134 F.3d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric A. CLARK, I, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Jr., Postmaster General; Carol Conroy,
Postmaster; Mark Shiejo, Supervisor; Emmanual
Arca, Supervisor; Edward Wysock, Jr.,
Defendants-Appellees.
 No. 97-15149.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Jan. 15, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 Clark sued the Postmaster General in district court for employment discrimination on the basis of race, sex, and retaliation pursuant to Title VII of the Civil Rights Act of 1964. He appeals the district court's order granting defendant's motion for summary judgment. We review de novo the district court's order. See Covey v. Hollydale Mobilehome Estates, 116 F.3d 830, 834 (9th Cir.1997). We affirm.
 
 II.
 
 3
 The facts of this case are known to the parties. We will repeat them here only as necessary.
 
 III.
 
 4
 The postal service asserted that it terminated Clark because of his long and well-documented history of poor work performance and insubordination. Clark failed to present any evidence to suggest that the defendant's justification was pretextual. Accordingly, his claims of employment discrimination cannot withstand summary judgment. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir.1994)
 
 IV.
 
 5
 Clark did not establish a prima facie case for retaliation under Title VII because he failed to present any evidence sufficient to raise an inference that his termination was causally linked to protected activity. See Cohen v. Fred Meyer Inc., 686 F.2d 793, 796 (9th Cir.1982).
 
 V.
 
 6
 Clark's amended complaint arguably asserted a disability discrimination claim. The record shows, however, that neither the district court nor the parties referred expressly to such a claim thereafter. Clark now argues that the district court erred by failing to properly dispose of that claim. We conclude that the district court's order was sufficient to dismiss all of Clark's employment discrimination claims. To qualify for relief under either the Rehabilitation Act or the Americans with Disabilities Act, Clark must establish, inter alia, that the defendant terminated him because of his disability. See Lucero v. Hart, 915 F.2d 1367, 1371 (9th Cir.1990); Sanders v. Arneson Prods., Inc., 91 F.3d 1351, 1353 (9th Cir.1996). However, as the district court noted, the evidence supporting the defendant's proffered nondiscriminatory justification is overwhelming, and Clark offered no evidence of pretext. Therefore, Clark's disability claim fails on the same ground as his other employment discrimination claims.[1]
 
 VI.
 
 7
 Clark raises several new arguments on appeal, which we could disregard. See United States v. Patrin, 575 F.2d 708, 712 (9th Cir.1978). We note nevertheless that, with each new argument, Clark asserts that summary judgement was inappropriate because the district court failed to resolve some factual question. However, the questions listed by Clark arise solely from Clark's own unsupported allegations. A principal purpose of summary judgment is to dispose of unsupported allegations. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Accordingly, Clark's new arguments are not persuasive.
 
 AFFIRMED
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Even assuming that the district court's order did not properly dispose of Clark's disability claim, this court may dispose of the issue because the proper resolution is beyond any doubt. See Singleton v. Wulff, 428 U.S. 106, 121 (1976)